**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Rodrigo Ibarra, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 5:21-cv-00252 |
| v. | § § | JURY TRIAL DEMANDED |
| Del's Grass Farm Ltd., | § § | COLLECTIVE ACTION |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Rodrigo Ibarra, ("Ibarra" or "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against Defendant Del's Grass Farm Ltd. ("Del's Grass" or "Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant paid on an hourly basis as a nonexempt employee.

2. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees who worked for Defendant on an hourly basis who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven day workweek for the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES

### A.     Plaintiff Rodrigo Ibarra

4. Plaintiff is an individual residing in Bexar County, Texas. Plaintiff has standing to file this lawsuit.

5. Plaintiff initially began working for Defendant on or about January 2019 through September 2019. Plaintiff also worked for Defendant from April 2020 to August 2020.

4. At all times, Plaintiff was paid $26.00 an hour for the work he performed for Defendant. Plaintiff did not earn any overtime pay in connection with his work for Defendant at any time during his employment.

6. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.     Collective Action Members

5. The putative Collective Action Members are all current and former hourly paid employees of Defendant who worked more than 40 hours in any workweek within the applicable statutory period, but were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such seven-day workweek by Defendant.

7. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

### C.     Defendant Del's Grass Farm Ltd.

8. Defendant is a domestic limited company organized under the laws of the State of Texas.

9. During all times relevant to this lawsuit, Defendant has done, and continues to do, business in the State of Texas.

10. Defendant's principal place of business is 7355 West Loop 1604 North, San Antonio, Texas 78254.

11. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

12. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

13. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

14. Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to, hauling and delivering sod to Defendant's customers.

15. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include sod, tractor trailers, diesel, supplies/materials used in connection with Defendant's grass distribution operations.

16. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

17. Defendant may be served with summons through its registered agent, David Flores, at 7355 West Loop 1604 North, San Antonio, Texas 78254.

### III.   JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

19. The United States District Court for the Western District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

20. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV. <u>FACTUAL BACKGROUND</u>

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. Defendant "cultivates grasses on more than 2,000 acres of land" in Texas.[1] Defendant also represents that it is "the largest grass distributor in all of South Texas."[2]

23. Plaintiff worked for Defendant from January 2019 until he moved in September 2019. Upon Plaintiff's return to Texas, he began working for Defendant again in April 2020 until August 2020. Plaintiff was employed as a truck driver during his tenure with Defendant. Plaintiff delivered pallets of sod grown by Defendant to residential customers, landscaping companies, and recreational venues such as golf courses in and around San Antonio, Texas.

24. At all times relevant, Plaintiff was a non-exempt employee of Defendant pursuant to the FLSA.

---

[1] https://www.delsgrass.com/about-us

[2] https://www.delsgrass.com/

25. Plaintiff was paid $26.00 an hour for the work he performed for Defendant.

26. While employed by Defendant, Plaintiff worked a minimum of 60 hours per week. However, Defendant failed to pay Plaintiff overtime premium pay when he worked more than forty hours in a given workweek (*i.e.*, "straight time pay"). Plaintiff only received his hourly rate of $26.00 for each hour of work without consideration of whether his weekly hours of work exceeded forty hours.

27. During the time period relevant to Plaintiff's FLSA and collective action claim, Plaintiff has worked with numerous other employees of Defendant who similarly routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, and did/do not receive all overtime compensation owed by Defendant.

## V.   FLSA CLAIMS FOR OVERTIME PAY

28. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

29. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

30. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

31. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

32. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

33. Plaintiff and putative Collective Action Members are/were paid on an hourly basis by Defendant.

34. At all times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

35. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

36. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

37. The FLSA requires employers to determine overtime premium compensation on a workweek by workweek basis. *See Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 381 n.7 (5th Cir. 2013) ("To determine an employee's 'regular rate' of pay, we start with the basic premise that the FLSA requires overtime compensation be paid to employees who work for more than 40 hours in a week, and this determination is made on a week-by-week basis. *See* 29 U.S.C. § 207(a) [. . .]").

38. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

39. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

40. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

41. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

42. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.     COLLECTIVE ACTION CLAIMS

43. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

44. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

45. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees similarly situated to Plaintiff who: (a) work/worked for Defendant in connection with its grass distribution operations; (b) are/were paid on an hourly basis; (c) had/have job duties/titles of a truck driver; (d) work/worked more than 40 hours in any workweek; and (e) are/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such workweek by Defendant.**

46. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid on an hourly basis without overtime premium pay at time and one-half their respective regular rates of pay for all hours worked over forty while performing nonexempt job duties.

47. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

48. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

49. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

50. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

51. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

52. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.  JURY DEMAND

53. Plaintiff demands a jury trial.

## VIII.  DAMAGES AND PRAYER

54. Plaintiff asks that the Court issue a summons for Defendant to appear and answer,

and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back wages;

   c. Liquidated damages in an amount equal to FLSA-mandated back wages;

   d. Legal fees;

   e. Costs;

   f. Post-judgment interest; and

   g. All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated: March 12, 2021

        Respectfully submitted,

        SHELLIST | LAZARZ | SLOBIN LLP

        By:    */s/Ricardo J. Prieto*
                  Ricardo J. Prieto
                  State Bar No. 24062947
                  Fed. ID No. 1001658
                  rprieto@eeoc.net
                  Attorney-in-Charge
                  Melinda Arbuckle
                  State Bar No. 24080773
                  Fed. ID No. 2629125
                  marbuckle@eeoc.net
                  Shellist Lazarz Slobin LLP
                  11 Greenway Plaza, Suite 1515
                  Houston, TX 77046
                  (713) 621-2277 – Telephone
                  (713) 621-0993 – Facsimile

        ATTORNEYS FOR PLAINTIFF AND PUTATIVE
        COLLECTIVE ACTION MEMBERS