IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RODRIGO IBARRA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; BOBBY VALDEZ, JOSE CASTILLO, JACK MILES, ANTHONY ZAVALA,<br><br>*Plaintiffs,*<br><br>vs.<br><br>DEL'S GRASS FARM LTD,<br><br>*Defendant.* | § § § § § § § § § § § § § § § | SA-21-CV-00252-ESC |

## **ORDER**

Before the Court in the above-styled cause of action is the parties' Joint Motion to Dismiss with Prejudice [#34]. By their motion, the parties ask the Court to dismiss this case with prejudice pursuant to their settlement of all the claims asserted in this case. Before granting the motion, the Court will require the parties to submit the Settlement Agreement for confidential *in camera* review.

This case arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Court approval of the parties' confidential settlement agreement is not necessary, however, where the settlement agreement resolves a bona fide dispute as to the amount of hours worked or compensation due. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 (5th Cir. 2012). Yet, the parties' dispute in *Martin* did not concern substantive

1

FLSA rights themselves, such as whether an employee falls under a statutory exemption. Thus, the breadth of *Martin*'s reach is unclear. *See Apollo Strong v. Marathon Res. Mgmt. Group, LLC*, 1:18-CV-634-RP, 2020 WL 12597672, at *2 (W.D. Tex. Feb. 26, 2020).

Here, the parties' dispute concerns not just the amount of hours worked and compensation due, but also a disagreement as to the exempt status of Plaintiffs. (*See* Answer [#5], at ¶¶ 57–58 (asserting affirmative defenses of FLSA's Motor Carrier Act and agriculture exemptions).) In light of the unsettled status of the law in this Circuit concerning FLSA settlement review and the nature of the parties' particular dispute, the Court finds that review of the parties' settlement agreement is prudent prior to dismissing this case.

**IT IS THEREFORE ORDERED** that the parties file a sealed copy of their Settlement Agreement on or before **April 15, 2022**, with any optional accompanying briefing on why the agreement is a fair and reasonable resolution of a bona fide dispute, negotiated by attorneys as part of an arms' length transaction. The sealed Agreement should be filed as an exhibit to a joint motion to seal as required under this Court's Local Rules. *See* W.D. Tex. Loc. R. CV-5.2.

SIGNED this 6th day of April, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE