IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RODRIGO IBARRA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>DEL'S GRASS FARM LTD.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 5:21-CV-00252-ESC<br>§<br>§<br>§<br>§<br>§<br>§ |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Pursuant to the Court's Order of April 6, 2022 (ECF No. 35), Plaintiff Rodrigo Ibarra ("Plaintiff" or "Ibarra") and Del's Grass Farm Ltd. ("Defendant") (collectively "the Parties") file this Motion for Approval of FLSA Settlement pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

## I.  INTRODUCTION

In this case, Plaintiff sought damages for allegedly unpaid overtime wages under the FLSA. (ECF No. 1, ¶ 1.) Plaintiff alleged that Defendant failed to fully compensate him and a group of delivery drivers (the "collective action members") all overtime premium pay due because the Defendant allegedly misclassified them as exempt. (ECF No. 1, ¶ 26.) The Parties agreed that the Court properly exerted subject matter jurisdiction over the case and personal jurisdiction over the Defendant. (ECF No. 1, ¶¶ 18, 19; ECF No. 5, ¶¶ 20, 21.) The Parties engaged in formal discovery and reached the settlement agreement filed contemporaneously under seal, which they now request the Court approve.

## II.  PROCEDURAL HISTORY

Plaintiff filed this lawsuit on behalf of himself and a putative collective of truck driver employees on March 12, 2021, alleging that Defendant violated the FLSA by failing to pay all due and owing overtime wages. (ECF No. 1.)

To avoid protracted litigation and expense, Defendant agreed to certify the collective action (ECF No. 22), and the notice period proceeded in October through December of 2021. (ECF No. 24-30.) All told, six people are involved in this lawsuit and each receives substantial benefits under the agreement. As each individual opted into the lawsuit, Defendant produced all relevant documents necessary to arrive at an exposure model. Thereafter, the Parties engaged in settlement discussions which resulted in the settlement agreement filed contemporaneously under seal by Defendant, which they now request the Court approve.

## III.  SUMMARY OF SETTLEMENT

The Parties have reached a confidential settlement agreement which provides substantial monetary relief to the settlement class. Specifically, the settlement reflects each truck drivers' full backpay and one quarter of the liquidated damages attributable to him. Defendant also contributed an additional $10,000.00 as attorneys' fees to defray the contingency fee and ensure the majority of the drivers' back pay would not be compromised by their agreement to pay attorneys' fees contingent upon their recovery.

Most critically, this settlement compromises a bona fide dispute regarding the application of the FLSA. Specifically at issue in this lawsuit was the question of whether the operation of the agricultural exemption to the FLSA would preclude Plaintiff's recovery. In *Wirtz v. Osceola Farms Co.*, 372 F.2d 584, 588 (5th Cir. 1967), the Fifth Circuit recognized that transportation of goods between two locations owned by the same agricultural entity would fall within the agricultural

exemption, even if that same transportation between one entity and an independent grower would not. Here, Defendant contended that in many weeks, Plaintiff's deliveries were made solely between locations owned by Defendant. (*See* ECF No. 5, ¶ 58.) Under the settlement agreement, each driver who opted into the lawsuit and Plaintiff receive full compensation for every week of work without reduction for weeks where they did not make a delivery to a third party.

## IV.     AUTHORITY IN SUPPORT OF SETTLEMENT

The FLSA provides that in certain circumstances courts must approve FLSA collective action settlements. 29 U.S.C. § 216(c). Under Section 216(b) of the FLSA, an employee may settle and release claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*. *See also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

When, as here, the Court conducts a judicial review and approval of a settlement agreement, the Court must be satisfied that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc*., No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

The Parties agree as to the apportionment and distribution of the settlement funds. The Parties also agree that the FLSA settlement is in the best interest of all Parties and is fair and reasonable. (*See* Ex. A, § 7.) The settlement is in the best interest of the Parties as it reduces the time that the settlement class would have to wait to receive payment were the case to proceed to trial, reduces risk to both Parties of an unfavorable judgment, and favors judicial economy. Furthermore, the settlement is fair and reasonable as the amount and terms of the settlement were

the result of arm's-length negotiations between experienced labor and employment attorneys.

As discussed above, the result of the settlement is full back wages and a portion of the liquidated damages claimed, which is a fair compromise of the damages alleged given the present stage of the litigation.

## V.     CONCLUSION AND PRAYER

In sum, the settlement agreement is fair and reasonable, was reached as the result of arm's-length negotiation between experienced labor and employment attorneys, and is in the best interest of the Parties as it reduces the risk of exposure or trial loss. For all of the foregoing reasons, and in light of the Parties' settlement, the Parties now respectfully request that the Court approve their settlement agreement under the FLSA and dismiss the case.

Dated: April 14, 2022                         Respectfully submitted,

By:     s/Melinda Arbuckle
        Melinda Arbuckle
        State Bar No. 24080773
        marbuckle@eeoc.net
        Ricardo J. Prieto
        State Bar No. 24062947
        rprieto@eeoc.net
        Shellist Lazarz Slobin LLP
        11 Greenway Plaza, Suite 1515
        Houston, TX 77046
        (713) 621-2277 – Telephone
        (713) 621-0993 – Facsimile

        ATTORNEYS FOR PLAINTIFF AND
        SETTLEMENT CLASS MEMBERS

By: /s/Robert D. Kilgore
Robert D. Kilgore
SBOT No. 11401700
The Gardner Law Firm
745 E. Mulberry, Ste 500
San Antonio, Texas 78212
(210) 733-8191 (Telephone)
(210) 733-5538 (Facsimile)

Email: rkilgore@gardnertx.com

**ATTORNEY FOR DEFENDANT**
**DEL'S GRASS FARM LTD.**

**CERTIFICATE OF SERVICE**

      On April 14, 2022, I filed the foregoing document with the Clerk of Court for the Western District of Texas using the Court's CM/ECF method. I certify that all counsel of record were served electronically thereby.

                                                  s/Melinda Arbuckle
                                                  Melinda Arbuckle