IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RODRIGO IBARRA, INDIVIDUALLY §
AND ON BEHALF OF ALL OTHERS §
SIMILARLY SITUATED; BOBBY §           SA-21-CV-00252-ESC
VALDEZ, JOSE CASTILLO, JACK §
MILES, ANTHONY ZAVALA, §
§
　　　　　*Plaintiffs,* §
§
vs. §
§
DEL'S GRASS FARM LTD, §
§
　　　　　*Defendant.* §

## ORDER OF SETTLEMENT APPROVAL
## AND DISMISSAL WITH PREJUDICE

Before the Court in the above-styled cause of action are the parties' Joint Motion to Dismiss with Prejudice [#34] and Joint Motion for Approval of FLSA Settlement [#37]. By their motions, the parties ask the Court to approve their confidential settlement agreement and dismiss this case with prejudice. The Court will grant the motions.

## I.  Background

This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* It was filed in March 2021 on behalf of current and former delivery truck drivers who worked for Defendant, a Texas-based grass distributor. Plaintiffs allege they were non-exempt employees paid on an hourly basis who regularly worked over 40 hours per week but were denied overtime compensation.

To avoid protracted litigation and expense, Defendant agreed to certify the collective action, and the notice period proceeded from October to December 2021. In addition to the named representative Plaintiff, five class members opted into this suit. After engaging in some discovery,

the parties were able to resolve their dispute.   They have submitted their sealed settlement agreement for the Court's *in camera* review.

## II.  Legal Standard

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).   Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores*, 679 F.3d at 1355). Notwithstanding the holding in *Lynn's Food Stores*, the Fifth Circuit held in *Martin v. Spring Break '83 Prods., L.L.C.*, that not every FLSA settlement requires court approval, as "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due."  688 F.3d 247, 255 (5th Cir. 2012).

The reach of *Martin* and its progeny is somewhat unclear.  *Martin*'s recognition of a situation in which court approval may not be necessary involved unique facts—a retroactive evaluation of a previously executed, privately entered FLSA settlement that was negotiated by lawyers prior to any lawsuit being filed.  *See id.*   Additionally, the parties' dispute in *Martin* concerned the number of hours worked and the rate of pay; not substantive FLSA rights themselves such as whether an employee is exempt.  *See id.*  Post *Martin*, some district courts in this Circuit have continued to follow the *Lynn's Food Stores* approach, and these courts review FLSA settlement agreements for fairness where parties request an ex-ante review of a settlement negotiated during active FLSA litigation.  *See, e.g.*, *Cox v. Sunflower Cty. Consol. Sch. Dist.*, No.

4:16-CV-192-DMB-JMV, 2017 WL 3584916, at *2 (N.D. Miss. Aug. 18, 2017); *Abernathy v. Becon Constr. Co.*, No. 1:14-CV-466, 2016 WL 7427024, at *1 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, No. 1:14-CV-466, 2016 WL 7374420 (E.D. Tex. Dec. 20, 2016); *Alaniz*, 2016 WL 6462206, at *1.  Given the uncertainty regarding the reach of *Martin*, the fact that the application of an FLSA exemption is at issue in this case, and that district courts in this Circuit continue to review FLSA settlements, the Court will review the parties' proposed settlement for reasonableness.

### III.  Analysis

The Court finds that the parties' settlement is a fair and reasonable resolution of a bona fide dispute between the parties over wages owed to Plaintiffs.  The parties' dispute in this case turned on the application of the agricultural exemption to the FLSA.  *See* 29 U.S.C. § 213(b)(12) (exempting workers "employed in agriculture" from overtime requirements of FLSA).  Here, Defendant contended that in many weeks, Plaintiffs' deliveries were made solely between locations owned by Defendant and therefore fell under the exemption.  *See Wirtz v. Osceola Farms Co.*, 372 F.2d 584, 588 (5th Cir. 1967) (recognizing that transportation of goods between two locations owned by same agricultural entity would fall within the agricultural exemption, even if that same transportation between one entity and an independent grower would not).  Under the settlement agreement, each driver who opted into the lawsuit receives additional compensation for every week the driver worked, even including those weeks where the driver did not make any delivery to a third party (and therefore Defendant argues no overtime would be owed), as well as one quarter of the liquidated damages attributable to him.

The Court also finds that the settlement was negotiated by experienced labor and employment attorneys as part of an arms' length transaction and the agreement of the parties as

to attorneys' fees is reasonable.  As part of the settlement, Defendant contributed an additional $10,000 as attorneys' fees to defray the contingency fee and ensure the majority of the drivers' back pay would not be compromised by their agreement to pay attorneys' fees contingent upon their recovery.

In summary, the Court agrees with the parties that their settlement agreement is a reasonable compromise of the claims alleged by Plaintiffs in light of the procedural posture of this case, the risks of further litigation, and the costs applicable to both sides.  Because the proposed settlement is a fair and reasonable resolution of a bona fide dispute between the parties over wages owed to Plaintiffs,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Approval of FLSA Settlement [#37] is **GRANTED** and the parties' settlement is **APPROVED**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Dismiss with Prejudice [#34] is **GRANTED** and this case is hereby **DISMISSED WITH PREJUDICE**.

SIGNED this 19th day of April, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE